IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DONALD M. MADISON, | : |
| Plaintiff, | : |
| v. | : CASE NO. 7:10-CV-28 (HL) |
| | : 42 U.S.C. § 1983 |
| TIFT COUNTY JAIL, *et al.*, | : |
| Defendants. | : |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION AND RECOMMENDATION OF DISMISSAL

Plaintiff, Donald M. Madison, presently an inmate at Muscogee County Prison in Columbus, Georgia, has filed the above styled Section 1983 action against the named Defendants. He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act (PLRA), the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

**Plaintiff's Complaint**

It appears from Plaintiff's complaint that he appeared in a Muscogee County court for a probation-violation hearing based upon new charges of burglary in Tift County, and had seven years of his probation revoked on or about April 10, 2008. (R-1, pp.1-4). Thereafter, Plaintiff was returned to Tift County for an appearance on a burglary charge. *Id.* Plaintiff states that his defense counsel, Ms. Emily Brown, came to him with a plea offer which would reduce the charge from burglary to theft by receiving stolen goods and the District Attorney's office would recommend to the court that Plaintiff serve 12 months and receive 10 years of probation. (R-1, p. 4). Plaintiff states that he accepted the plea offer and entered a guilty plea on February 3, 2009. *Id.* Plaintiff states that he was released on that day and thereafter went to visit his probation officer. *Id.* Plaintiff's complaint becomes very unclear at this point. Plaintiff states that he was told that "they made a mistake" and inadvertently released him and thereafter says he was told he escaped. *Id.* Plaintiff, however, does not allege a prosecution or conviction for escape. *Id.* It appears that Plaintiff believes that Judge Bill Roundheart's sentence on the burglary, which was reduced to theft by receiving, in Tift County "overrides" the seven years he was previously sentenced to serve on his probation revocation in Muscogee County. *Id.* Plaintiff claims that he has been placed in "double

jeopardy," but it is unclear whether Plaintiff believes the double jeopardy stems from being sentenced on the probation violation and the theft by receiving, being brought back into custody after his mistaken release, or both. *Id.* Plaintiff has named Judge Roundheart and District Attorney Paul Bowden as Defendants for placing him in double jeopardy. *Id.* Plaintiff names Judge Roundheart, District Attorney Bowden, and the Tift County Jail as Defendants for making a "mistake with his life" which allowed for his release on February 3, 2009, and his subsequent re-imprisonment. (R-1, pp. 4-5). Plaintiff seeks compensatory damages in the following manner: 1) from the Tift County Jail in the amount of $800.00 a day for each day that he was out of jail when he was mistakenly released; 2) $200,000 from Judge Roundheart for making the mistake and allowing him to be released; and 3) $200,000 from District Attorney Bowden for making a mistake and allowing him to be released, and for subjecting him to double jeopardy. (R-1, pp. 6-7). Plaintiff also seeks an expungement of his record, his immediate release from incarceration, the permanent closure of the Tift County Jail, the removal of Judge Roundheart and District Attorney Bowden from their positions, and a ban on Judge Roundheart and District Attorney Bowden working anywhere in the State of Georgia. *Id.*

It should be noted that Plaintiff failed to list on the complaint form two actions that he had previously filed in this court, 7:09-cv-134 (HL) and 7:09-cv-140 (HL). Case No. 7:09-cv-140, dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2), dealt with the same facts underlying his present case and named two of the same defendants, the Tift County Jail and District Attorney Paul Bowden.

## Preliminary Review

Plaintiff's above styled Complaint filed under 42 U.S.C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory

relief was unavailable.

The United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 1733-34 (1978).

## DISCUSSION

After preliminary review, it appears that Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 487. When a section 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

Plaintiff fails to allege that any constitutional rights have been violated since his arrest, but rather, merely makes statements that, if proved, would invalidate the state criminal proceedings. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State

habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

Additionally, Plaintiff seeks relief in the form of release, which is not an available remedy under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). The proper method for attacking a prisoner's unconstitutional confinement is through a writ of habeas corpus, following the exhaustion of state court remedies. *Id.* at 500. To the extent that Plaintiff is seeking release from custody, such relief is not available in a civil rights action. *Id.* at 479.

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2) as frivolous for Plaintiff's failure to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

So **RECOMMENDED**, this 19th day of April 2010.

                                                  S/ G. MALLON FAIRCLOTH
                                                  UNITED STATES MAGISTRATE JUDGE

mZc