**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

DONALD M. MADISON,                   :
                                                        :
          Plaintiff,                              :
                                                        :
v.                                                     :          Case No. 7:10-CV-28 (HL)
                                                        :
TIFT COUNTY JAIL, et al.,              :
                                                        :
          Defendants.                        :

## ORDER

This matter is before the Court on the Order Granting In Forma Pauperis Motion and Recommendation of Dismissal (Doc. 5) filed by the United States Magistrate Judge G. Mallon Faircloth. The Magistrate Judge, having reviewed the Complaint pursuant to the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A(a) & (b), recommends that this Court grant the Plaintiff's Motion for Leave to File In Forma Pauperis (Doc. 2) (the "Motion"), but dismiss the Complaint as frivolous. The Plaintiff did not file an objection to the Recommendation.

The Court agrees with the Magistrate Judge that the Motion (Doc. 2) should be granted. The Court also agrees that the case should be dismissed. However, the Court disagrees with the Magistrate Judge as to the reasoning for the dismissal. Therefore, the Court adopts as its Order pages 1-5 of the Recommendation, up through the section titled

"**DISCUSSION.**" Thereafter, the Court substitutes the following for the discussion section of the Recommendation.

## DISCUSSION

**A.    Tift County Jail and Muscogee County Jail**

The Plaintiff has asserted claims against the Tift County Jail and the Muscogee County Jail.  However, a jail is not a proper defendant as it is not an entity capable of being sued under section 1983.  See, e.g., Waller v. Horn, 2006 WL 1582413, at *2 (M.D. Ga. June 6, 2006) (holding the Putnam County Jail is not an entity subject to suit under section 1983). Therefore, the Plaintiff's claims against Tift County Jail and Muscogee County Jail are dismissed as frivolous.

**B.    Judge Bill Reinhardt**

The Plaintiff also has asserted a claim against Judge Bill Reinhardt, who presided over the Plaintiff's case.  However, judges are immune from liability for damages for acts committed within their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18 (1967) (citing Bradley v. Fisher, 80 U.S. 335, 20 L.Ed. 646 (1872)).  "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."  Id. at 554, 87 S.Ct. at 1218 (internal

quotations and citations omitted). Therefore, Judge Reinhardt is immune from section 1983 liability in this case, and is thus dismissed from this case.

## C.     District Attorney Paul Bowden

The Plaintiff also has asserted a claim against the prosecutor in his case, District Attorney Paul Bowden. However, prosecutors are absolutely immune from liability in section 1983 suits when "initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995 (1976). Therefore, the claim against Paul Bowden must be dismissed.

## D.     Tim Hoffman and Emily Brown

The Plaintiff also has listed as Defendants Tim Hoffman and Emily Brown from the Public Defender's Office. However, having examined the Plaintiff's Complaint in detail, the Plaintiff has not alleged any wrongdoing on the part of Mr. Hoffman or Ms. Brown. Therefore, they are dismissed from the case as the Plaintiff has failed to state a claim against them.

## E.     Release as remedy

Finally, the Plaintiff appears to have asked, as part of his relief, for release from jail. However, release from jail is not a proper remedy for a section 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841 (1973). The Supreme Court has held "that when a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. Therefore, the Plaintiff's claim for release is dismissed.

## CONCLUSION

The Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is granted. However, the Court, having reviewed the Complaint pursuant to 28 U.S.C. § 1915A(a) & (b), finds that this lawsuit is frivolous and is hereby dismissed.

**SO ORDERED**, this the 21st day of May, 2010.


*s/ Hugh Lawson*

HUGH LAWSON, Senior Judge

jch